6 N.J. Super. 143 (1950)
70 A.2d 517
MARIE E.H.C. VAN DER VEER, AND OTHERS, APPELLANTS,
v.
WM. AMES, AND ANOTHER, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1949.
Decided January 11, 1950.
*144 Before Judges JACOBS, DONGES and BIGELOW.
*145 Mr. Ira C. Moore, Jr., argued the cause for the appellants (Mr. George Whitefield Betts, Jr., attorney) (Mr. Robert McLeod Jackson, of the New York Bar, on the brief).
Mr. John Ferguson argued the cause for respondent Wm. Ames.
Mr. Elmer J. Bennett argued the cause for respondent The First National Bank & Trust Company of Montclair (Messrs. Carpenter, Gilmour & Dwyer, attorneys).
The opinion of the court was delivered by BIGELOW, J.A.D.
This is an appeal from a decree of the Essex County Court, approving the second account of trustees under the will of Helen S. Leonhardt, deceased, as well as a supplemental account of the same trustees. The two accounts cover the period from May 20, 1942, which was the date of a prior account, to September 8, 1948. The accounts disclose the following disbursements charged against corpus, relating to certain real estate at Laurel Hill, Long Island:

 Taxes, water charges and insurance premiums ...... $2,082
 Appraisal, advertising and auctioneer fees ....... 165
 Expense of clearing title ........................ 2,139
 ______
 $4,386

The property was sold toward the close of the accounting period for $8,000. The net income shown in the two accounts was $2,152.
The appeal is confined to the Laurel Hill property. The trustees' interest in the property grew out of a mortgage which testatrix, at her death in 1932, left as part of her estate, covering four tenement houses. The mortgage was then in arrears and the accountants, as her executors and trustees, promptly foreclosed and bought in the land. In the ten-year period from testatrix' death to the date of the first account, they expended $12,093 for foreclosure costs, tax arrears and rehabilitation, and charged that sum to corpus. These disbursements *146 were set forth in the first account, which was approved by the Orphans' Court by its decree dated October 13, 1942. As nearly as we can understand the position of the appellants, under the guise of general exceptions to the second account, they center their attack on the expenditures totaling $12,093, shown in the first account and allowed by the 1942 decree. The base for the attack is that the title to the Laurel Hill tenement properties was not marketable, and that the property was not worth the amount spent on it. The appellants argue that the trustees were guilty of gross negligence in having spent the large sum that they did spend for foreclosure costs, settlement of tax arrears, and for improvements.
Since the enactment of P.L. 1905, p. 209, now embodied in R.S. 3:10-14, 15 and 16, the decree of the Orphans' Court passing the intermediate account of a fiduciary has the same quality of conclusiveness as does a decree on a final account. In re Slater's Estate, 88 N.J. Eq. 296 (Leaming, V.O. 1917). The statute relating expressly to final accounts but which also applies to intermediate accounts, directs that the decree of the Orphans' Court "shall be conclusive on all parties and shall exonerate and discharge the accountant from all demands of creditors, legatees, or others, beyond the amount of the settlement, except for assets which may come to hand thereafter and in cases where a person applying for resettlement proves fraud or mistake in the account to the satisfaction of the court." R.S. 3:10-18. There has been no application for a resettlement of the first account of the trustees under the Leonhardt will, and there is no charge of fraud or mistake in the account. The decree of the Orphans' Court fully protects the trustees in respect to the disbursements stated in the first account. Beam v. Paterson, etc., Co., 96 N.J. Eq. 141; affirmed, 99 Id. 427 (1926); City Bank Farmers' Trust Co. v. McCarter, 111 N.J. Eq. 315; affirmed, 114 Id. 46 (1933); In re Ward's Estate, 121 N.J. Eq. 555; affirmed, 121 Id. 606 (1937); Pollack v. Bowman, 23 N.J. Misc. 63; affirmed, 139 N.J. Eq. 47 (1945); Dickerson v. Camden Trust Co., 140 N.J. Eq. 34; affirmed, 1 N.J. 459 (1949).
*147 The appellants also challenge some of the expenses totaling $4,386, set forth in the present accounts. In a tax proceeding in 1875, the property had been sold for a term of 999 years but the purchaser of the tax lease seems never to have taken possession and did not interfere with the accountants in their possession of the property. Whether the tax lease was actually a lien in 1946, or whether the trustee's title had been perfected by adverse possession, appears to have been uncertain. At any rate trustees, acting on the advice of experienced New York counsel, contracted to convey a marketable title. But the purchaser asserted that the tax lease was a cloud and the trustees settled the doubt by an action to quiet title. The trustees were not negligent; they properly relied on counsel. In re United Conclave Bldg. & Loan Ass'n., 135 N.J. Eq. 63 (Ch. 1944). Furthermore, there is no indication that in this matter the trustees caused any loss to the estate. It is not alleged that the expense of clearing the title was unduly large. Presumably if the trustees had cleared it earlier, the expense would have been as great, and if they had sold subject to the alleged encumbrance, the purchase price would have been that much less. The appellants also argue that there was a negligent loss of rents. The tenements had become unrentable before the contract of sale was made. Thereafter, due to the housing shortage, it became possible to rent them if about three months' rent was spent for repairs. But the purchaser was unwilling to accept the properties subject to tenancies. Had the trustees rented the tenements, they would have incurred considerable expense and they might have found themselves unable to deliver possession to the purchaser. We agree with the County Court that the trustees' failure to rent did not constitute such negligence as would justify a surcharge.
The decree will be affirmed with costs to be paid by the appellants.